UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **EVRICK MONTEZ BROWN,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:18-cv-01795-SNLJ |
| **RICHARD JENNINGS,** | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This case is a petition under 28 U.S.C. § 2254 for writ of habeas corpus. Petitioner Evrick Montez Brown is an inmate at the Potosi Correctional Center near Mineral Point, Missouri. In 2013, Brown was convicted by a jury of one count of first-degree assault, in violation of Section 565.050 RSMo., and one count of armed criminal action, in violation of Section 571.015, RSMo. The trial court sentenced Brown to life in prison for the first-degree assault charge (as a persistent offender) and to a consecutive term of 15 years for the armed criminal action charge. The conviction and sentence were affirmed on direct appeal (Resp. Ex. E), his Rule 29.15 motion was denied (Resp. Ex. H, pp. 43-55), and the Rule 29.15 motion denial was affirmed on appeal (Resp. Ex. J).

In his petition before this Court, Brown raises four grounds for relief: 1) ineffective assistance of counsel; 2) violation of due process; 3) violation of the Fifth Amendment Double Jeopardy Clause; and 4) violation of Sections 10 and 18(A) of the Missouri Constitution.

1

This Court will deny the petition. Brown's first ground for relief was previously raised in state court where the Missouri Court of Appeals denied the claim on its merits. This Court will defer to that decision under 28 U.S.C. § 2254(d). Brown failed to present his second, third, and fourth grounds for relief in state court, so he is procedurally barred from doing so in this proceeding.

## I. STATEMENT OF EXHIBITS

In support of this memorandum, this Court cites the following exhibits as set out in the response to show cause, ECF #8.

1. Respondent's Exhibit F is a copy of the legal file from Brown's state post-conviction appeal.

2. Respondent's Exhibit H is Brown's brief on post-conviction appeal.

3. Respondent's Exhibit I is a copy of the State's brief on post-conviction appeal.

4. Respondent's Exhibit J is a copy of the Missouri Court of Appeals' decision affirming the denial of post-conviction relief.

## II. FACTUAL BACKGROUND

"In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence" 28 U.S.C. 2254(e). During Brown's post-conviction appeal, the Missouri Court of Appeals summarized the relevant facts as follows:

Following a jury trial in the underlying case, Movant was convicted of assault in the first degree, in violation of Section 565.050 RSMo 20002, and armed criminal action, in violation of Section 571.015. The trial court sentenced Movant as a persistent offender to consecutive terms of life imprisonment on the assault charge and fifteen years' imprisonment on the armed criminal action charge. This Court affirmed Movant's conviction and sentence in *State v. Brown*, 475 S.W.3d 704 (Mo. App. E.D. 2015), and the mandate issued on May 13, 2015.

On July 24, 2015, Movant filed a *pro se* motion pursuant to Rule 29.15, and on August 11, 2015, Movant's post-conviction counsel ("PCR Counsel") entered an appearance.

PCR Counsel timely filed Movant's Amended Motion, after a thirty-day extension, on November 9, 2015. Therein, Movant alleged, *inter alia*, that his trial counsel ("Counsel") was ineffective for failing to object to improper closing argument by the State, and that Counsel "labored under an actual conflict of interest that adversely affected trial counsel's performance and prejudiced Movant."

On March 9, 2017, the motion court held an evidentiary hearing. At the hearing, Counsel testified that Movant's wife retained him to represent Movant in the underlying case, wherein Movant was alleged to have shot Aaron Farrel ("Victim"). Counsel noted that he told Movant he believed depositions of the State's witnesses and retention of a firearms expert were necessary for Movant's defense. Counsel explained to Movant that depositions would provide under-oath statements for impeachment purposes at trial, and a firearms expert could show that, based upon the short distance the State claimed Movant was from Victim when Victim was shot, it was unlikely that Movant shot him since there was no stippling or soot on Victim's neck and clothing. Counsel testified, however, that he received no more than $800 in legal fees from Movant and his family to try the case. Thus, he informed Movant verbally and in three letters that:

> *…it's not my job or my responsibility, as a retained attorney, to pay you to represent you, to spend my money to represent you[, and] if you can't do it, I'll file a Motion with Withdraw first…And if we don't have it, we'll just proceed without it.*

Counsel testified that he did file a motion to withdraw because he received no further payment, but the trial court denied it, and as such, he proceeded to trial without obtaining depositions or a firearms expert. He acknowledged, however, that the State called its own firearms expert and

3

medical examiner, and he was "able to ask [them] some questions about stippling," so as to "argue in closing argument that there was a lack of soot and stippling in this case," suggesting that Movant did not shoot Victim. Counsel explained that Movant's inability to pay expenses and fees had no influence on Counsel's performance, noting that his "preparation [for trial] was no different, free or for the required fee."

…

During Movant's testimony, he noted that his wife was "in charge of paying" Counsel but that she had no more funds to pay for Movant's case because she began experiencing her own legal troubles. Movant further testified that, while Counsel suggested he obtain public defender services, since they would have the funds to acquire the necessary trial materials, he took no action to do so because he did not know how.

On March 20, 2017, the motion court entered its Judgment denying Movant's Amended Motion, finding that … Movant failed to establish that a conflict of interest existed. Movant's appeal follows.

(Resp. Ex. J, pp. 4-6).

### III. ANALYSIS

**A. Trial Counsel was not Ineffective for Refusing to Expend Personal Funds in Brown's Defense. This Court Defers to the Missouri Court of Appeals' Decision on This Issue (Responds to the First Ground for Relief).**

In his first ground for relief, Brown argues that his trial counsel was ineffective "because although we had an attorney-client relationship, when funds got low, attorney did not do depositions and even attempted to withdraw [as counsel]." Brown suggests this raised a conflict of interest. Brown raised this claim during his state post-conviction appeal (Resp. Ex. H, pp. 22, 31-37), and the Missouri Court of Appeals denied it. (Resp. Ex. J, pp. 9-12). Claims that have been previously adjudicated on the merits in state court "shall not be granted" relief unless the state court's decision contradicted or unreasonably

4

applied clearly-established federal law or resulted in an unreasonable determination of the facts. 28 U.S.C. § 2254(d).

The Missouri Court of Appeals applied the proper standard for evaluating whether counsel was ineffective. (Resp. Ex. J, pp 6-7); *see Strickland v. Washington*, 466 U.S. 668 (1984). To succeed under the *Strickland* ineffectiveness standard, a petitioner show that counsel's conduct fell below reasonable professional standards and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistances." *Id*. at 689.

Brown failed to show counsel's conduct was unreasonable or that he was prejudiced by counsel's actions. The Missouri Court of Appeals acknowledged that a showing of "an actual conflict of interest" would create a presumption of prejudice for purposes of establishing a claim of ineffective assistance of counsel. And, further, "[a] financial conflict of interest may arise when a defendant's inability to pay creates a 'divergence of interests' between the defendant and counsel such that counsel pressures or coerces the defendant to plead guilty where, absent the coercion, the defendant would have taken the case to trial." But, "counsel's statement to a defendant that he or she must pay additional fees to continue receiving counsel's services is not in itself coercive." (Res. Ex. J, pp. 9-10 (citing *Ballard v. State*, 500 S.W.3d 294, 300-301 (Mo. App. E.D. 2016); *Conger v. State*, 398 S.W.3d 915, 919 (Mo. App. E.D. 2013)). In Brown's case, there was no actual conflict of interest given that "[Brown] cited to no authority

5

suggesting that retained counsel is obligated to use personal funds to prepare a defense" or that "a conflict of interest results when a movant cannot pay for his defense and counsel refuses to advance the funds." (Res. Ex. J, p. 10). Further, "[Brown] failed to show that he suffered any prejudice" by counsel's unwillingness to depose the State's witnesses or retain a firearm expert. The Missouri Court of Appeals explained:

> As to the lack of depositions, [Brown] presented no evidence as to what testimony would have been elicited from the State's witnesses or how their statements would have benefitted his defense. Additionally, Counsel testified that, even without calling a firearms expert for the defense at trial, he was still "able to ask [the State's experts] about stippling" and firearms so as to argue in closing that a lack of soot and stippling indicated that [Brown] did not shoot Victim. [Brown], therefore, has not shown prejudice.

(Resp. Ex. J, p. 12).

At this stage, Brown still fails to explain how depositions might have benefitted his case, and he still fails to produce any legal support—state or federal—for the idea that his counsel was financially responsible for his legal defense. His claim, therefore, continues to reside in impermissible speculation and conjecture. *See Deck v. Steele*, 249 F.Supp.3d 991, 1027 (E.D. Mo. 2017); *Parish v. Steele*, 2020 WL 1536049 at *7 (E.D. Mo. Mar. 31, 2020); *Burrell v. Bowersox*, 2019 WL 1275013 at *7 (E.D. Mo. Mar. 20, 2019); More importantly, and looking at the matter holistically, the uncontroverted evidence is that "[Brown]'s inability to pay for his expenses and fees had no influence on his [counsel's] performance," whose "preparation for trial was no different, free or for the required fee." (Resp. Ex. J, p. 11). Prejudice, thus, has not been shown. Because nothing indicates the state court's decision contradicted or unreasonably applied clearly-established federal law or resulted in an unreasonable determination of the facts, 28

U.S.C. § 2254(d), this Court will defer to the Missouri Court of Appeals' decision on this issue and denies Brown's first ground for relief.[1]

### B. Brown's Second Ground for Relief Fails to State a Claim and, to the Extent it Can Be Understood, is Either Procedurally Defaulted or Otherwise Subsumed into the First Ground for Relief.

In his second ground for relief, Brown argues that his due process rights were violated in that he "was not afforded the opportunity of a fair and impartial trial"—this brief sentence is the extent of his claim. A nebulous claim such as this fails the pleading requirements that "a petitioner [] state specific, particularized facts which entitle him or her to habeas corpus relief for each ground specified." *Adams v. Armontrout*, 897 F.2d 332, 334 (8th Cir. 1990) (citing Section 2254 Rule 2(c)). Moreover, given the lack of any reference to "a specific federal constitutional guarantee" or "a statement of facts [that] entitle the petitioner to relief," it is impossible to tell if Brown presented this to the state courts. *Canales v. Stephens*, 765 F.3d 551, 578 (5th Cir. 2014). It appears this claim may have been subsumed into the more topically-focused claims for ineffective assistance of counsel due to an actual conflict of interest. (Resp. Ex. H, p. 22). Noting that Brown now proceeds *pro se* when he was initially represented by counsel during his state court post-conviction appeal, it appears Brown's generic reference to "due process" may be an attempt to mimic his state court briefing alleging "[c]ounsel's ineffectiveness … violated

---

[1] In an attachment to his petition, Brown raises a number of other theories about how his counsel was ineffective. Yet, the only theory he raises both in this Court and to the state appellate court is the one addressed in this Order relating to a potential conflict of interest. Because Brown failed to raise any of the additional theories during his state post-conviction appeal, he is procedurally barred from raising them now. *See Storey v. Roper*, 603 F.3d 507, 523 (8th Cir. 2010); *Sweet v. Delo*, 125 F.3d 1144, 1149 (8th Cir. 1997).

Mr. Brown's rights to conflict-free, effective counsel, to due process, and to a fair trial, as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and Article I, §§ 10 and 18(a) of the Missouri Constitution." (Resp. Ex. H, p. 22). To the extent his claim is for something different, there is no indication that he presented it to the state courts and, therefore, it is procedurally defaulted. *See Storey v. Roper*, 603 F.3d 507, 523 (8th Cir. 2010) (petitioner's claim was procedurally defaulted on federal habeas review where petitioner did not raise it in his state post-conviction appeal); *Sweet v. Delo*, 125 F.3d 1144, 1149 (8th Cir. 1997) (same). Otherwise, if it is simply another retelling of the ineffective assistance of counsel claim, this Court has disposed of in Part A above.

### C. Brown's Third Ground for Relief is Procedurally Defaulted.

In his third ground for relief, Brown argues that his rights under the Fifth Amendment were violated when he "was convicted of two crimes in which one comes from the other as a whole." In other words, Brown raises a claim under the Double Jeopardy Clause, which "protects against a second prosecution for the same offense after acquittal[,] against a second prosecution for the same offense after conviction[,] and [] against multiple punishments for the same offense." *Brown v. Ohio*, 432 U.S. 161, 165 (1977)

Brown's Double Jeopardy claim was not presented during the state post-conviction proceedings; therefore, it is procedurally defaulted. *See Wallace v. Lockhart*, 12 F.3d 823, 826 (8th Cir. 1994) (failure to present Double Jeopardy claim to state courts constituted procedural default). Having not shown cause or prejudice for the default, nor

8

having demonstrated that there will be a fundamental miscarriage of justice, this claim will be denied. *See Stephen v. Smith*, 963 F.3d 795, 799 (8th Cir. 2020) (noting the court could "not reach [petitioner's] claim" unless he "shows cause and prejudice or that he is actually innocent of the charges," and refusing to consider the claim where petitioner "makes no attempt to meet these standards").

**D. Brown's Fourth Ground for Relief Fails to State a Claim and, to the Extent it Can Be Understood, is Either Procedurally Defaulted or Otherwise Subsumed into the First Ground for Relief.**

In his fourth ground for relief, Brown argues that his rights were violated under Sections 10 and 18(A) of the Missouri Constitution when he "was not afford[ed] the opportunitey (sic) to address the statements made about him." Once again, such a nebulous claim fails the pleading requirements that "a petitioner [] state specific, particularized facts which entitle him or her to habeas corpus relief for each ground specified." *Adams*, 897 F.2d at 334. Moreover, like the second ground for relief, it appears that this claim may have been subsumed into the broader, topically-driven claim for ineffective assistance of counsel due to an actual conflict of interest. Reference to Sections 10 and 18(A) of the Missouri Constitution appear in Brown's state post-conviction appeal briefing. There, Brown said his "rights to conflict-free, effective counsel" were violated as otherwise guaranteed by "Article I, §§ 10 and 18(a) of the Missouri Constitution." (Resp. Ex. H, p. 22). To the extent his claim is simply another retelling of the ineffective assistance of counsel claim, this Court has disposed of in Part A above. Else, if Brown intends to raise another challenge altogether, there is no indication that he presented it to the state courts. Therefore, it is procedurally defaulted.

9

*See Storey*, 603 F.3d at 523; *Sweet*, 125 F.3d at 1149. Having not shown cause or prejudice for the default, nor having demonstrated that there will be a fundamental miscarriage of justice, this claim will also be denied. *See Stephen*, 963 F.3d at 799.

### IV. CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that petitioner Evrick Montez Brown's petition for a writ of habeas corpus (ECF #1) is **DENIED**.

So ordered this 13th day of August 2020.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE